UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SALLY J. W.,<br><br>                Plaintiff,<br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | CASE NO. 3:25-cv-05512-GJL<br><br>SOCIAL SECURITY DISABILITY APPEAL ORDER |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 3. This matter has been fully briefed. *See* Dkts. 11, 17, 18.

After considering the administrative record (AR) and all memoranda, the Court concludes the Administrative Law Judge (ALJ) did not err in finding Plaintiff not disabled. The Court accordingly **AFFIRMS** the Commissioner's final decision in this matter.

## I.    PROCEDURAL HISTORY

Plaintiff's application for Disability Insurance Benefits (DIB) was denied initially and following reconsideration. AR 213–36. Plaintiff's requested hearing was held before ALJ

Lawrence Lee (AR 182–212), who then issued a written decision concluding Plaintiff was not disabled (AR 127–48). That decision was reversed by this Court in August 2023 pursuant to a stipulation by the parties. AR 2909–15. On remand, ALJ Mark Triplett (the ALJ) held a hearing on January 22, 2025. AR 2842–74. He issued an unfavorable decision on February 27, 2025. AR 2814–41. Plaintiff failed to file exceptions with the Appeals Council, making the ALJ's decision Commissioner's final decision subject to judicial review. *See* 20 C.F.R. § 404.984(a). On June 11, 2025, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's decision. Dkt. 1. Defendant filed the sealed AR in this matter on August 11, 2025. Dkts. 5–7.

## II.   BACKGROUND

Plaintiff was born in 1967 and was 51 years old on June 1, 2018, the alleged onset date. *See* AR 2818, 2831. She has at least a high school education. AR 2831. Her date last insured, for the purposes of her eligibility for DIB, is December 31, 2018. AR 2818. The ALJ considered whether Plaintiff was disabled between June 1 and August 31, 2018 (the relevant period). *See id.* According to the ALJ, Plaintiff suffered from, at a minimum, the severe impairments of obesity, breast cancer, adrenal gland disorder, degenerative disc disease, fibromyalgia, osteoarthritis, and degenerative joint disease (bilateral knees). AR 2820. However, the ALJ found Plaintiff was not disabled because she had the following Residual Functional Capacity (RFC):

> to perform light work as defined in 20 CFR 404.1567(b) except with the following limitations: The individual can perform the full range of light work, except the individual can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. The individual can frequently balance and stoop, but occasionally kneel, crouch, and crawl. The individual can frequently reach with the right, dominant, upper extremity. The individual can tolerate occasional exposure to extreme heat and cold, and to workplace hazards such as unprotected heights and exposed, moving machinery.

AR 2823.

### III.   DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

In her opening brief, Plaintiff argues the ALJ erred in considering two medical opinions and her subjective symptom testimony. Dkt. 11.

**A.   Medical Opinion Evidence**

Plaintiff challenges the assessment of some portions of the medical opinions of two state agency consultants and the medical opinion of Seymour Levine MD. Dkt. 11 at 3–12.

Under the regulations in effect prior to March 2017, heightened articulation requirements attached to certain medical opinions. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). But for applications, like Plaintiff's, filed after March 2017, ALJs need not "defer or give any specific evidentiary weight, including controlling weight, to" particular medical opinions, including those of treating or examining sources. *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Rather, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, considering each opinion's "supportability" and "consistency," and, under some circumstances, other factors. *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. §§ 404.1520c(b)–(c), 416.920c(b)–(c). Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources. 20 C.F.R. §§ 404.1520c(c)(1), (c)(2); 416.920c(c)(1), (c)(2).

1.	State Agency Consultants

State agency consultants Ruth Childs, MD, and Guillermo Rubio, MD, evaluated Plaintiff's claim and rendered opinions based on their reviews of the record. *See* AR 217–23, 229–35. Both sources opined Plaintiff would be limited to occasional reaching on the right due to Plaintiff's breast cancer. AR 221, 233–34. Plaintiff was diagnosed with breast cancer in June 2018 and received surgery in August 2018. *See* AR 2826. Plaintiff challenges the ALJ's rejection of the occasional-reaching limitation. Dkt. 11 at 3. The ALJ rejected this limitation for the following reasons:

> The history of right breast cancer does not sufficiently support limiting reaching to an occasional level, and this degree of limitation seems inconsistent with the lack of reports by the claimant to providers of having difficulty with reaching or having right arm pain from her surgery.

AR 2829.

The ALJ's rationale was an adequate basis to reject the opined occasional-reaching limitation. As the ALJ noted in discussing the medical evidence, during the relevant period, Plaintiff did not report exacerbations in musculoskeletal symptoms, exhibit weakness in her extremities, or exhibit deficits in her range of motion. AR 2826. From September 2018 to December 2018, notes indicated she could move all her extremities (AR 829, 864) or indicated she did not report musculoskeletal symptoms (AR 857, 868). One note indicated there was no evidence of RUE lymphedema (AR 864), a common cause of post-treatment arm pain.

However, six days after her surgery (on August 23, 2018), a treatment note from a follow-up appointment indicated Plaintiff had no pain (rating her pain as 0 out of 10) but had "intermittent shooting pain in [her] armpit area with certain movements." AR 876. But this symptom was not noted at subsequent appointments, and, at the appointment in question, it was not present. And the August 23rd note is ambiguous as to whether reaching movements triggered

this pain and the extent of the pain they triggered, so they do not necessarily compel further limitations. Thus, the note does not cast doubt upon the ALJ's conclusion.

Plaintiff points to some other evidence purporting to establish that further reaching limitations were warranted (Dkt. 11 at 7), but such evidence similarly does little to undermine the ALJ's conclusion. She points to Dr. Childs' clinical findings, but those findings contained no mention of any issues with Plaintiff's upper extremities. *See* AR 227. She points to some evidence concerning tremors in her hands and fingers (AR 803, 811), but such evidence goes to her fine manipulative abilities rather than her ability to use her arm to reach. Plaintiff notes arm numbness and lymphedema were suggested as potential surgical risks (AR 885), but this does not mean she experienced those conditions. In fact, as discussed, post-surgical notes in the period after her surgery indicated no such difficulties were experienced. Plaintiff points to her mother's statement which checked a box indicating she had reaching difficulties (AR 461), but her mother did not specify the extent of those difficulties.

Plaintiff argues the ALJ erred in relying upon an absence of evidence. Dkt. 11 at 8. She cites to *Diedrich v. Berryhill*, 874 F.3d 634, 641 (9th Cir. 2017), and argues this is not a situation where one would expect a provider to comment upon a limitation not under review. But *Diedrich* involved a situation where a medical opinion rendered by an orthopedist did not mention specific mental health problems. *Id.* Here, as discussed, providers at Plaintiff's post-surgical appointments routinely noted whether she reported musculoskeletal symptoms and tested her range of motion. *See* AR 829, 857, 864, 868. One would expect, if Plaintiff had related difficulties, they would be noted. Indeed, the August 23rd note belies Plaintiff's point—it shows her post-surgery appointments were likely to note deficiencies in her extremities.

SOCIAL SECURITY DISABILITY APPEAL ORDER - 5

In sum, the ALJ properly addressed and discounted the state agency consultants' occasional-reaching limitation.

2.  Dr. Levine

In December 2017, Dr. Levine conducted a medical examination of Plaintiff and completed a medical opinion related to her workers compensation claim. AR 1959–80. He opined Plaintiff was limited in her abilities to stand, sit, bend, twist, bend, and focus. *See* AR 1978. The ALJ found the opinion unpersuasive. AR 2831.

With respect to supportability, the ALJ noted Dr. Levine appeared to rely upon a "reported deterioration in 2013" but this was not documented in the record. AR 2831. Such a misperception of the medical evidence is a valid basis on which to reject the opinion. *See Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (affirming rejection of medical opinion based on misimpression that claimant required cane and wheelchair when none had been prescribed). The ALJ also found that Dr. Levine's opinion was not supported by his examination—he did not observe Plaintiff's walking abilities and found she had only mild range-of-motion decreases, but opined she was limited in related areas. AR 2831. This too was a proper basis on which to find the opinion unsupported. *See Stiffler v. O'Malley*, 102 F.4th 1102, 1107 (9th Cir. 2024) (affirming rejection of medical opinion in part because examination revealed only normal results).

With respect to consistency, the ALJ found Dr. Levine's opinion inconsistent with the following evidence:

> the claimant's reports of medication helping to manage fibromyalgia, the lack of emergency treatment or physician intervention for exacerbations in symptoms during the period at issue, and the lack of observations of significant pain behavior or fatigue, limited evaluation of the claimant's musculoskeletal impairments and the limited reports of musculoskeletal pain to providers during the period at issue, the report of medications helping to manage pain, the medical imaging showing no

> more than mild abnormalities in the spine and moderate abnormalities in the knees, the observations of normal gait and range of motion, the lack of observations of motor weakness or other neurological deficits from spinal disorders, the apparent lack of muscle atrophy, the lack of reports of side effects from Tamoxifen, the oncology report of the claimant "doing well" in January 2019, the limited reports to providers of difficulty reaching, the routine treatment for adrenal insufficiency, the report of feeling well with medication in July 2018, the lack of evidence showing that her condition changes after mid-2018, and the apparent lack of complications from adrenal insufficiency before or during the period at issue (see [AR 588–99, 753, 764, 801, 819–24, 826–29, 834–35, 838, 843, 941]).

AR 2831. This consistency analysis provided substantial evidence on which to reject Dr. Levine's opinion, as well. For instance, the ALJ could reasonably conclude that Plaintiff's ability to walk, normal range of motion, and mild spinal abnormalities, along with a lack of pain observations and evidence of successful pain-relieving treatment, were inconsistent with significant limitations in standing, walking, and reaching.

      Plaintiff has not shown the ALJ erred in rejecting Dr. Levine's opinion. She repeats some of Dr. Levine's description of Plaintiff's own statements, notes that Dr. Levine "recorded a long medication list," and notes some of the abnormal results found on examination. Dkt. 11 at 11–12. At best, this shows there was evidence which might support the opinion. But the ALJ's consistency findings are sufficient to uphold the decision. *See Woods*, 32 F.4th at 792–93 (finding proper consideration of one of supportability-and-consistency factors to be adequate basis to affirm). And showing some evidence supports the opinion does not mean the ALJ erred in finding the opinion unsupported. *See Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) ("Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed.") (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)).

      Moreover, Plaintiff's medications were not cited as a basis for the opinion, and that she took medications does not mean they were ineffective or suggest she had a particular level of inhibition. The examination results confirm that Dr. Levine did not test Plaintiff's walking and

SOCIAL SECURITY DISABILITY APPEAL ORDER - 7

that he only found mild range of motion deficits. *See* AR 1967–71. And the ALJ could reasonably find the opinion unsupported notwithstanding Plaintiff's own statements about her fatigue (AR 1961), as there was no further objective evidence confirming the symptom.

In sum, Plaintiff has not shown the ALJ erred in considering Dr. Levine's medical opinion.

**B.     Plaintiff's Subjective Symptom Testimony**

Plaintiff challenges the ALJ's assessment of her testimony about her reaching ability. Dkt. 11 at 12–14. Relevant to reaching, she testified she has decreased strength in her right arm and that she uses her left arm for some reaching-related purposes she would have used her right arm for before her onset. AR 202–03.

To the extent this testimony was inconsistent with the RFC, the ALJ provided specific, clear, and convincing reasons for discounting Plaintiff's testimony. *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). The ALJ reasonably found Plaintiff's testimony about her reaching abilities was inconsistent with the medical evidence for the same reasons he identified in rejecting the state agency consultants' opinions. Namely, there was little evidence of upper extremity difficulties in the record, and many notations during the relevant period of normal functioning in such areas. *See* AR 2826. As discussed, this finding was supported by substantial evidence. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)).

Plaintiff challenges the ALJ's assessment of her daily activities. Dkt. 11 at 13. But any error therein is harmless, as the ALJ adequately considered the objective medical evidence in

discounting her testimony, and this was a sufficient basis for affirming the ALJ's determination. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (error harmless if "there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion").

Plaintiff also recounts her medication regimen and contends it shows her physicians believed she had pain symptoms. Dkt. 11 at 14. But this does not mean the ALJ was required to credit her testimony. The existence of an alternate interpretation does not mean the ALJ's rational for finding Plaintiff incredible was erroneous—the Court defers to the ALJ's reasonable resolutions of factual issues. *See Smartt*, 53 F.4th at 494. And a substantial pain regimen can just as easily show Plaintiff's condition was well-controlled, as the ALJ found was the case here (*see* AR 2825–26). Plaintiff has not challenged that finding. *See* Dkt. 11. Thus, the ALJ gave adequate reasons for rejecting Plaintiff's testimony about her reaching abilities.

### IV.   CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 12th day of January, 2026.

Grady J. Leupold
United States Magistrate Judge